EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | (Judge          ) |
| REAL PROPERTY LOCATED AT 143 | ) | |
| INDIAN SPRING DRIVE, | ) | |
| STROUDSBURG, PENNSYLVANIA; | ) | |
| WELLS FARGO ACCOUNT NOS. | ) | |
| 2089401166 AND 2089401158; | ) | |
| 2015 BMW MODEL I8, VIN | ) | |
| WBY2Z2C59FV392441; 2016 | ) | |
| MCLAREN AUTOMOTIVE 570S | ) | |
| COUP, VIN SBM13DAA7GW000134; | ) | |
| 2015 MERCEDES GL350 BLUETEC, | ) | |
| VIN 4JGDF2EE3FA606052; | ) | |
| MISCELLANEOUS FIREARMS, | ) | |
| SCOPES, SIGHTS, BIPODS, | ) | |
| MAGNIFIERS AND OTHER | ) | |
| FIREARMS ACCESSORIES AND | ) | |
| FOUR ROLEX WATCHES SEIZED | ) | |
| FROM ROSS ROGGIO, | ) | |
| Defendants | ) | (Electronically filed) |

## VERIFIED COMPLAINT OF FORFEITURE

The United States of America, by and through its attorneys,

Bruce D. Brandler, United States Attorney for the Middle District of

Pennsylvania, and Jenny P. Roberts, Assistant U.S. Attorney, files this

Verified Complaint of Forfeiture in rem, respectfully alleging on

Certified from the record
Date 6-16-2017
Peter J. Welsh, Acting Clerk
Per _____
Deputy Clerk

information and belief the following in accordance with Supplemental
Rule G(2) of the Federal Rules of Civil Procedure:

1.     This is an action to forfeit and condemn to the use and
benefit of the United States of America the following property:

     a.     Real property located at 143 Indian Spring Drive, Stroudsburg, Monroe County, Pennsylvania, Tax Map or Parcel ID Number 07/86262, current owner of record Ross William Roggio, former owner of record and estranged wife of Ross William Roggio, Kristy Merring-Roggio, with all appurtenances, improvements, and attachments thereon, legally described as:

        ALL THAT CERTAIN lot, tract, piece or parcel of land situate in the Township of Hamilton, County of Monroe, and Commonwealth of Pennsylvania, being described as follows, to wit:

        BEING Lot No. 13, Section Three, Indian Spring Farm, as shown on a plan of Indian Spring Farm (Section Three) prepared by J. Lavern Marshall drawn June 27, 1988, and recorded in the Office for the Recording of Deeds, in and for the County of Monroe, at Stroudsburg, Pennsylvania, in Plot Book 61, Page 116.

     b.     Wells Fargo account #2089401166 titled ROGGIO CONSULTING COMPANY LLC with Ross W. Roggio as an authorized signer on the account;

     c.     Wells Fargo account #2089401158 titled ROGGIO CONSULTING COMPANY LLC with Ross W. Roggio as an authorized signer on the account;

   d.    2015 BMW Model I8, VIN WBY2Z2C59FV392441 registered to Ross Roggio and Kristy Roggio;

   e.    2016 McLaren Automotive 570S Coup, VIN SBM13DAA7GW000134 registered to Ross Roggio and Kristy Roggio;

   f.    2015 Mercedes GL350 BLUETEC, VIN 4JGDF2EE3FA606052 registered to Ross William Roggio;

   g.    Four Rolex watches seized from Ross William Roggio more fully described as:

      i.    Rolex Oyster Perpetual Cosmograph "Daytona" 18K Rose Gold with a chocolate dial with a possible serial no. 4H2E2303;

      ii.    Rolex Geneve Cellini 18K Rose Gold with a black leather band and a black dial with a possible serial no. 50525 512F28Q1;

      iii.    Rolex Oyster Perpetual Day Date President with 18K Rose Gold and a possible serial no. H42V39543; and

      iv.    Rolex "Daytona" 18K Yellow Gold, Mother of Pearl and diamond dial with a possible serial no. 8Q0291C3.

   h.    Miscellaneous firearms, scopes, sights, bipods, magnifiers and other firearms accessories seized from Ross William Roggio more fully described in Exhibit A of this document.

(hereinafter "defendant property", pursuant to 18 U.S.C. § 981(a)(1) and 28 U.S.C. § 2461.

2.    The defendant real property has not been seized.  The remaining defendant property is presently in the custody of the Federal Bureau of Investigation and United States Marshals Service.

3.    Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property.

4.    This court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

5.    This court has in rem jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b).  Upon filing of this complaint, the plaintiff requests that the court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)c).

6.     Venue is proper in this district pursuant to 28 U.S.C. §
1355(b)(1) because the acts or omissions giving rise to the forfeiture
occurred in this district.

7.     The United States will, as provided by Supplemental Rule
G(4) and 18 U.S.C. § 985(b)(1) and (c)(1):

    a.     post notice of this action and a copy of the Complaint
on the defendant real property; and

    b.     serve notice of this action on the defendant real
property owner, and any other person or entity who
may claim an interest in the defendant, along with a
copy of the Complaint; and

    c.     file a lis pendens in county records of the defendant
real property's status as a defendant in this in rem
action.

8.     The United States alleges that the defendant real property is
subject to forfeiture to the United States because it constitutes proceeds
of, is derived from proceeds traceable to, or was used in any manner or

part to commit or facilitate the commission of violations of section 18

U.S.C. §§ 371, 554, 1349, 1956, and 1957.

9.      All of the facts alleged in this Verified Complaint are based

upon information and belief, the source of which is Thomas J.

O'Donnell, Special Agent, Federal Bureau of Investigation ("FBI"),

Jeffrey R. Burke, Special Agent, Homeland Security Investigations

("HSI"), and Scott Dunberg, Special Agent, United States Department

of Commerce ("DOC"), resulting from an investigation into the

conspiracy, smuggling, wire fraud, and money laundering activities by

Ross William Roggio ("Roggio"), the owner of the defendant property,

and others conducted by the FBI, HSI, and DOC.

10.     On or about March 30, 2016, FBI received information

regarding the potential export of controlled items, including rifling

combo buttons, from the United States to a foreign country without the

requisite DOC's Bureau of Industry and Security ("BIS") export license

by Roggio, his company Roggio Consulting Company, LLC ("RCC"), and

others.

11.     During the course of the investigation, FBI, HSI, and DOC learned that Roggio and his company, RCC, were hired to build a weapons and ammunition plant located in a foreign country where the United States has controlled and regulated the exports of arms and the trade of goods and services with that foreign country.

12.     On September 6, 2016, a BIS export license history check was performed and revealed no records of applications submitted by or on behalf of, and no BIS export licenses issued to or ever possessed by: Ross Roggio; Kristy Roggio; Ross Brogan; Roggio Arsenal; and Roggio Consulting; 116 Turkey Hill, PA or 143 Indian Spring, PA.

13.     The investigation revealed that Roggio would have gun parts shipped to RCC's business address located in the Middle District of Pennsylvania. Then he would request that his wife at the time, Kristy Merring-Roggio, would ship those parts to him in that foreign country.

14.     On or about September 5, 2014, through July 25, 2016, a total of approximately $6,013,214.13 in international wire transfers occurred to bank accounts in the United States under the control of Roggio dba RCC including PNC account ending in 6274. After PNC

7

exited their banking relationship with Roggio, he used funds from PNC to open Wells Fargo accounts ending in 1166 and 1158. The investigation further revealed that Roggio and RCC used the monies received above via wire transfers to purchase and improve real property, motor vehicles, weapons, and accessories.

15.    Pennsylvania Department of Labor and Industry Employment queries conducted on April 10, 2017 of Roggio and Kristy Merring-Roggio's social security numbers were negative for employment in Pennsylvania for the last 16 quarters, meaning 4 years.

16.    On or about December 17, 2014, Kristy Merring-Roggio purchased real property located at 143 Indian Spring Drive, Stroudsburg, Monroe County, Pennsylvania with a Tax Map or Parcel ID Number 07/86262 using funds from a PNC account ending in 6274 titled to RCC.   On or about March 2, 2017, as a result of their pending divorce, the property was transferred from Kristy Merring-Roggio to Roggio.

17.    Investigators determined that, in and about 2015 through 2016, Roggio paid RJP Enterprises, a general contractor, to custom

build additional garages at his Indian Springs Drive residence, to store his multiple vehicles. Checks totaling approximately $290,765.00 drawn on Wells Fargo account ending in 1158 were paid to RJP Enterprises.

18.    Investigators also determined that, in or about 2015, Roggio purchased more than approximately $40,000.00 worth of weapons and accessories, including, but not limited to, suppressors, also known as silencers.

19.    On or about July 13, 2015, a check from RCC's Wells Fargo account ending in 1158 was used to purchase a 2015 Mercedes GL350 BLUETEC with a VIN 4JGDF2EE3FA606052 registered to Ross William Roggio.

20.    On or about August 17, 2015, a check from RCC's Wells Fargo account ending in 1158 was used to purchase a 2015 BMW Model I8 with a VIN WBY2Z2C59FV392441 registered to Ross Roggio and Kristy Roggio.

21.    On or about March 24, 2016, a cashier's check totaling approximately $100,000.00 was used for the down payment on a 2016

McLaren Automotive 570S Coup with a VIN SBM13DAA7GW000134 registered to Ross Roggio and Kristy Roggio. This cashier's check was purchased with funds from RCC's Wells Fargo account ending in 1166. The lien holder on this vehicle is BMW Bank of North America, 5550 Britton Parkway, Hilliard, Ohio 43026.

22.   A review of RCC's Wells Fargo accounts revealed that the vast majority of, if not all, deposits to the accounts were derived from international wire transfers.

23.   Investigators determined that Roggio received funds into the accounts transmitted or transferred from places outside the United States with the intent to promote the carrying on of his illegal export/consulting business. Roggio deposited the proceeds of the fraud and money laundering scheme into accounts controlled by him, used said accounts to conceal the nature, location, source, ownership or control of the proceeds, and used the proceeds to promote the carrying on of his illegal export/consulting business and to make purchases including, but not limited to, real property. vehicles, weapons, and

accessories and the construction of additional structures on the real property.

24.    Based on the foregoing information, the defendant property constitutes proceeds of illegal activity, and/or was used or intended to be used to facilitate one or more violations of 18 U.S.C. §§ 371, 554, 1349, 1956, and 1957.  As a result of the foregoing, the defendant property is liable to condemnation and to forfeiture to the United States for it use, in accordance with 18 U.S.C. § 981(a)(1).

WHEREFORE, the United States of America prays that the court grant that notice of this action be given to all persons who reasonably appear to be potential claimants of interest in the property; that the defendant property be forfeited and condemned to the United

States of America; that the plaintiff be awarded its costs and

disbursements in this action and for such other and further relief as

this court deems proper and just.

Respectfully submitted,

BRUCE D. BRANDLER
UNITED STATES ATTORNEY

By:   */s/ Jenny P. Roberts*
      JENNY P. ROBERTS
      ASSISTANT U.S. ATTORNEY
      235 N. WASHINGTON AVE., STE. 311
      SCRANTON, PA  18503
      PHONE: 570-348-2800
      FAX:  570-348-2037
      jenny.p.roberts@usdoj.gov
      PA89330

<u>VERIFICATION</u>

I, Jenny P. Roberts, Assistant United States Attorney, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint of Forfeiture <u>In Rem</u> is based on reports and information furnished by the Federal Bureau of Investigation, Homeland Security Investigations, and Department of Commerce and everything contained therein is true and correct to the best of my knowledge.

Respectfully submitted,

BRUCE D. BRANDLER
UNITED STATES ATTORNEY

By:   */s/ Jenny P. Roberts*
JENNY P. ROBERTS
ASSISTANT U.S. ATTORNEY
235 N. WASHINGTON AVE., STE. 311
SCRANTON, PA  18503
PHONE: 570-348-2800
FAX:  570-348-2037
jenny.p.roberts@usdoj.gov
PA89330

13

Exhibit A

Ross Roggio
Gun list

1. Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0084
2. Lyman, Model 1878, 45/70 caliber, serial number #18780392
3. Item 44A - Scope Leopold S/N 325343AA with FDE Springfield Armory Model M1A 30 cal S/N 335481
4. Black Silencer Co Supp. Model Specwar 556 S/N SPW-11021
5. Item 29A- Scope - From Safe in Basement with Black Rifle w/wooden stock Norinco Rifle Model NDM-86 Cal 7.62X54 S/N 701300
6. Item 26A-Scope Truglo No S/N with Black Ruger with wooden stock Model 10/22 Cal .22 S/N 0005-51177
7. Item 23A Eotech sight with Black CMMG 9mm short barrel rifle Model MK9 S/N SMT03019.
8. Item 22A Scope Leupold Mark 4scope S/N 161820AB with Black Sig Sauer Model MPX Pistol 9mm S/N 62B02121
9. Long Gun: KMP Classic Arms, M1919A4, .30 caliber, Serial# 757163 also 1711
10. Silencer: Salvo 12, 12 gauge, Serial# SAL12-5198 Silencer co.
11. Pistol: Colt, Commemorative Special Ops, .45 caliber, Serial# 2778280
12. Pistol: Desert Eagle, 50AE, .50 caliber, Serial# DK-0016164
13. Item 76A: Scope VISM with Long Gun: Ruger, 10/22, .22 LR caliber, Serial#824-01532
14. Long Gun: Ruger, 10/22, .22 LR caliber, Serial#824-01532 with Item 76A: scope VISM
15. Pistol: Heritage, Rough Rider, .22 caliber, Serial# CS5366
16. Pistol: Benellii, MP95E, .22 LR caliber, Serial# 09070B
17. Long Gun: CA1, M1 Rifle, 30.06 caliber, Serial#M111778
18. Item 72A scope with Long Gun: Moisen Magont, M91/30, 7.62x54 caliber, Serial#M913050361 Item 72A scope
19. Long Gun: Molsen Magont, M91/30T, 7.62x54 caliber, Serial#M913050361A with Item 72A scope
20. Long Gun: Tikka, T-3, 308 Winchester caliber, Serial#059939
21. Item 70A: Scope Nikon P-223 with Long Gun: Marlin Firearms Co, XT-22, 22 Mag caliber, Serial# MM31665B
22. Long Gun: Marlin Firearms Co, XT-22, .22 Mag caliber, Serial# MM31665B with Item 70A: Scope Nikon P-223
23. Long Gun: Savage Arms, 340D, 222 Rem caliber, Serial# 197304
24. Long Gun: Remington, 870, 12 gauge caliber, Serial# RS77066G
25. Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0078
26. Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0079
27. Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0090
28. Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0044
29. Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0082
30. Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0086
31. Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0087
32. Long Gun: Tactical Innovations Inc, T15BDX, 5.56 caliber, Serial# 86700667
33. Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0085
34. Long Gun: Armory, AR-15, 5.56 caliber, Serial# A0083
35. Long Gun: Century Arms, Centurian 93 Sporter US, 5.56 caliber, Serial# C9315088

36  Item 55A: Sight Mark red dot with Long Gun: Tactical Innovations, T15BDX, multi caliber, Serial# 86700666
37  Long Gun: Tactical Innovations, T15BDX, multi caliber, Serial# 86700666 with Item 55A: Sight Mark red dot
38  Long Gun: Kris, Vector, .45 ACP caliber, Serial# 45C016113
39  Long Gun: Century Arms, Centurian 39 Sporter, 7.62X39 caliber, Serial# C39WM-000661
40  Long Gun: Romarm, WASR, 7.62 caliber, Serial# A13260S-15R0 with Item 52A, Optics,Trijicon RX34
41  Long Gun: Morinco, model;unknown, 5.56X45 caliber, Serial# 8451316952
42  Long Gun: Izhmash, Saiga 410, 7.62X39 caliber, Serial# H04200381
43  Long Gun: Century Arms, 70ABM, 7.62X39 caliber, Serial# WM02-0Q0907
44  Long Gun: Century Arms, M70-AB2 Sporter, 7.62 caliber, Serial# AB2C103045
45  Long Gun: Fostech, model: unknown, 12 gauge caliber, Serial# 0000465
46  Item 46B: Bipod with Long Gun: Smith & Wesson, M&P15-22, .22 LR caliber, Serial# HBW5593
47  Item 46A: Scope Firefield with Long Gun: Smith & Wesson, M&P15-22, .22 LR caliber, Serial# HBW5593
48  Long Gun: Smith & Wesson, M&P15-22, .22 LR caliber, Serial# HBW5593 with Item 46A: Scope Firefield
49  Long Gun: Heckler & Koch, SL8-1, .223 caliber, Serial# 48007304 with Item 45A: Optic, Trijicon RX34
50  Item 45A: Optic, Trijicon RX34with Long Gun: Heckler & Koch, SL8-1, .223 caliber, Serial# 48007304
51  Long Gun: Heckler & Koch, SL8-1, .223 caliber, Serial# 48007304 with Item 45A: Optic, Trijicon RX34
52  Long Gun: Kel Tech, RFB, 7.62 caliber, Serial# T2555
53  Item 43A: Aimpoint Micro H-1with Long Gun: Sturm Ruger, Ranch Rifle, 5.56 caliber, Serial# 583-11246
54  Long Gun: Sturm Ruger, Ranch Rifle, 5.56 caliber, Serial# 583-11246 with Item 43A: Aimpoint Micro H-1
55  Item 42B: Bipod, with Long Gun: Heckler & Koch, SL8-1, .223 caliber, Serial# 48009484
56  Item 42A: Scope, Leupold 1x9 with Long Gun: Heckler & Koch, SL8-1, .223 caliber, Serial# 48009484
57  Long Gun: Heckler & Koch, SL8-1, .223 caliber, Serial# 48009484 with Item 42A: Scope, Leupold 1x9
58  Long Gun: BFI, BACR, Mark 47, multi caliber, Serial# ACRD00647
59  Item 40B: Optic, EOTECH Magnifier with Long Gun: CMMG Inc, Mark 47, 7.62 x 39 caliber, Serial# KWT02562
60  Item 40A: Optic, EOTECH red dot with Long Gun: CMMG Inc., Mark 47, 7.62 x 39 caliber, Serial# KWT02562
61  Long Gun: CMMG Inc., Mark 47, 7.62 x 39 caliber, Serial# KWT02562 with Item 40A: Optic, EOTECH red dot
62  Long Gun: PTR Industries, model: unknown, 3.08 caliber, Serial# AW14102
63  Item 38B: Optic EOTECH Magnifier with Long Gun: Ruger, SR-556, 5.56 caliber, Serial# 594-00633
64  Item 38A: Optic EOTECH Holographic with Long Gun: Ruger, SR-556, 5.56 caliber, Serial# 594-00633
65  Long Gun: Ruger, SR-556, 5.56 caliber, Serial# 594-00633 with Item 38A: Optic EOTECH Holographic
66  Item 37A: Optics Trijicon Reflex RX34 with Long Gun: FN Hertsal, SCAR, 5.56 caliber, Serial# LC32494
67  Long Gun: FN Hertsal, SCAR, 5.56 caliber, Serial# LC32494 with Item 37A: Optics Trijicon Reflex RX34
68  Item 36A: Optics EOTECH with Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0033
69  Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0033 with Item 36A: Optics EOTECH
70  Item 35A: Optics Trijicon Reflex RX34 with Long Gun: Tavor, SAR, 5.56 caliber, Serial# T0015911
71  Long Gun: Tavor, SAR, 5.56 caliber, Serial# T0015911 with Item 35A: Optics Trijicon Reflex RX34
72  Item 34B: Bipod with Long Gun: Remington, Model 700AAC-SD, .300 AAC Blackout caliber, Serial# RR76324C
73  Item 34A: Scope Zeiss Terra 3X with Long Gun: Remington, Model 700AAC-SD, .300 AAC Blackout caliber, Serial# RR76324C

74 Long Gun: Remington, Model 700AAC-SD, 300 AAC Blackout caliber, Serial# RR76324C with Item 34A: Scope Zeiss Terra 3X

75 Long Gun: Tavor, X95, 5.56 caliber, Serial# T005S070

76 Item 32A: Scope MSAR PN219 with Long Gun: MSAR, STGS56, .223 caliber, Serial# 600-P002734

77 Item 31A: Optics, EOTECH with Long Gun: MSAR, XM17E4, .223 caliber, Serial# 600-P012022

78 Long Gun: MSAR, STGS56, .223 caliber, Serial# 600-P002734 with Item 32A: Scope MSAR PN219

79 Long Gun: MSAR, XM17E4, .223 caliber, Serial# 600-P012022 with Item 31A: Optics, EOTECH

80 Item 30B: Optics - aimpoint with Pistol: Glock, 17, 9mm caliber, Serial# YBV536

81 Item 30A: RONI Pistol carbine conversion with Pistol: Glock, 17, 9mm caliber, Serial# YBV536

82 Pistol: Glock, 17, 9mm caliber, Serial# YBV536, Inside Item 30A: RONI Pistol carbine conversion

83 Item 29B: Bipod with Long Gun: Sig Sauer, 7.62mm NATO caliber, Serial# 22C013386

84 Item 29A: Apex Scope with Long Gun: Sig Sauer, 7.62mm NATO caliber, Serial# 22C013386

85 Long Gun: Sig Sauer, model: MR556, 7.62mm NATO caliber, Serial# 22C013386 with Item 29A: Apex Scope

86 Item 28A: Scope ACOG attached to Long Gun: Heckler & Koch, MR556, 5.56mm caliber, Serial# 241202064

87 Long Gun: Heckler & Koch, MR556, 5.56mm caliber, Serial# 241202064 with Item 28A: Scope ACOG

88 Pistol: Ruger, New Vaquero, 45 Colt caliber, Serial#SAS54920

89 Item 26A Scope Leupold VX-R, Serial # 186502AB with Long Gun: Springfield Armory, M1A, 7.62 Caliber, Serial# 347037

90 Long Gun: Springfield Armory, M1A, 7.62 Caliber, Serial# 347037 with Item 26A Scope Leupold VX-R, Serial # 186502AB

91 Item 25B Bipod with Long Gun: Barrett, 82A1, .50 Caliber, Serial#AA003811

92 Item 25A Scope Leupold Mark 4 with Long Gun: Barrett, 82A1, .50 Caliber, Serial#AA003811

93 Long Gun: Barrett, 82A1, .50 Caliber, Serial#AA003811 with Item 25A Scope Leupold Mark 4

94 Item 24B -Bipod - with Long Gun: Weatherby, Mark 4, Caliber unknown, Serial#BW006739

95 Item 24A Swarovski Z34-12x50 with Long Gun: Weatherby, Mark 4, Caliber unknown, Serial#BW006739

96 Long Gun: Weatherby, Mark 4, Caliber unknown, Serial#BW006739 with Item 24A Scope Swarovski Z34-12x50

97 Item 23A SScope Leupold VX-1 Serial# 161831AC with Long Gun: RND, Edge .223 Caliber Serial#2931124

98 Bipod - Item 23B with Long Gun: RND, Edge .223 Caliber Serial#2931124

99 Long Gun: RND, Edge .223 Caliber Serial#2931124 with Scope Leupold VX-1 Serial# 161831AC Item 23B

100 Bipod - Item 21B with Long Gun: Armory, TAC 338, .338 Lapua Mag Caliber Serial#TB30928

101 Bipod - Item 20B with Long Gun: Armory, TAC 338, .338 Lapua Mag Caliber Serial#TB30729 Bipod - Item 20B

102 Pistol: Heckler & Koch, SP5K, 9mm caliber, Serial# 21S002826

103 Pistol/Revolver: Ruger, New Vaquero ,45 Colt caliber, Serial# SAS554919

104 Pistol/Revolver: Pietta, Cimmaron ,45 Caliber, Serial#E38704

105 Leupold Mark 4Scope Item 21A attached to Long Gun: Armory, TAC 338, .338 Lapua Mag Caliber Serial#TB30928

106 Long Gun: Armory, TAC 338, .338 Lapua Mag Caliber Serial#TB30928 with Leupold Mark 4Scope Item 21A

107 Leupold Mark 4 Scope Item 20A attached to Long Gun: Armory, TAC 338, .338 Lapua Mag Caliber Serial#TB30729

108 Long Gun: Armory, TAC 338, .338 Lapua Mag Caliber Serial#TB30729 with Leupold Mark 4Scope Item 20A

109 Pistol/Revolver: A. Uberti, 1873, model unknown, .45 Caliber, Serial# P37550

110 Pistol/Revolver: Old Saybrook, Traditions 45 Colt caliber, Serial#E58949

111 Pistol/Revolver: Flipietta, model unknown, .44 Caliber, Serial#653026

112 Pistol/Revolver: Ruger, New Vaquero .45 colt caliber, Serial# S12-64623

113 Pistol/Revolver: A. Uberti, 1873 .45 colt caliber, Serial # TC6294

114 Pistol/Revolver: A. Uberti, Cimarron .45 colt caliber, Serial#P37551

115 6A Scope Hi-Lux Optics Serial# 003175 attached to Long Gun: RRMW, Replica 1903, 30.06 Serial # 3998129, 6A Scope Hi-Lux Optics Serial# 003175

116 Item 3A Sight Mark Optics attached to Long Gun; Masterpiece Arms, Defender, 9mm caliber, Serial# 8985076

117 Pistol/Revolver: Old Saybrook CZ, Traditions 45Colt caliber, Serial#E57108

118 Long Gun: Taurus, R92 .45 Colt caliber Serial#AM217918

Long Gun: CZ-USA, Huglu Hammer Classic Shotgun, 12Gauge Serial#1503244. Per telephone call with ATF, National Tracing Center, trace request was modified to reflect an "O"

119 instead of a zero in the serial number.

120 Long Gun: Taurus, R92 .45 Colt caliber Serial#51T20531

121 Long Gun: RRMW, Replica 1903, 30.06 Serial # 3998129, 6A Scope Hi-Lux Optics Serial# 003175

122 Long Gun; DSA SA5R .308 Caliber Serial # DS41249

123 Long Gun; FNH Scar 17S, 7.62X51mm Serial # HC43137

124 Long Gun; Masterpiece Arms, Defender, 9mm caliber, Serial# 8985076 with Item 3A Optics

125 Long Gun; CZ-USA Scorpion EVO351 9X19mm Serial # EVO351

126 Long gun: Sig Sauer, MPX 9mm Serial# 62B023427

FDE Springfield Armory Model M1A 30 cal S/N 336481 with Item 44A – Scope Leopold S/N 325343AA. ATF Trace Request for the weapon was corrected with the serial number

127 336481during telcal with Alex from the National Tracing Center.

128 Black Advanced Armorment Corp Suppressor Model Cyclops 50 S/N 500330 In case.

129 FDE Surefire Suppressor SOCOM556 S/N A51N01332.

130 FDE Surefire Suppressor SOCOM556 S/N A51N01331.

131 Black SWR Suppressor Mod Specwar S/N SW762-2289.

132 Black Silencer Co Supp. Model Specwar 556 S/N SPW-11020.

133 Black Griffin Armament Suppressor Model RECCES S/N RECS-0027 .

134 Black Silencerco Suppressor Specwar S/N SW-762-457B.

135 Black Griffin Armament Suppressor Model Recces S/N RECS-0026.

136 Black Griffin Armament Suppressor Model Sparatn3 S/N SP3-0080.

137 Black YHM Suppressor Mod. Phantom M2 S/N Y19391.

138 Black YHM Suppressor Mod. Phantom M2 S/N Y17980.

139 Black TBAC Suppressor Model 3388A S/N 51491.

140 Black TBAC Suppressor Model 3388A S/N 51490.

141 Black Rifle w/wooden stock Norinco Rifle Model NDM-86 Cal 7.62X54 S/N 701300 with Item 29A- Scope - From Safe in Basement.

142 Black Armory AR-15 rifle Model Armory-15 .223 cal S/N A0091 From Safe in Basement.

143 OD green Pof USA AR-10 Rifle Model P-308 S/N 128A-13062 .38cal

144 Black Ruger with wooden stock Model 10/22 Cal .22 S/N 0005-51177 with Item 26A- Scope Truglo No S/N.

145 Black Armory AR15 Rifle Model Armory-15 cal .223 S/N A0092.

146 Black Zenith firearms short barrel rifle Model MKEZ5RS 9mm S/N T0624-15BH01066 9mm.

147 Black CMMG 9mm short barrel rifle Model MK9 S/N SMT03019 with Item 23A Eotech sight attached.

Case 3:17-cv-01049-RDM   Document 1   Filed 06/15/17   Page 19 of 19

148 Item 22B – Black Suppressor attached to item #22, S/N REV9-0232. Griffin Armament Suppressor Revolution 9mm (Silencer could not be removed)

Black Sig Sauer Model MPX Pistol 9mm S/N 62B02121 with Item 22A Scope Leupold Mark 4scope S/N 161820AB and Item 22B Black suppressor attached to item #22, S/N REV9-
149 0232.

150 Black Zenith Firearms short barrel rifle Model MKE25P 9mm S/N T0624-15BK0B00

151 Attached to Item#19 Black Advanced Armament Corp. Suppressor Model element # 2 S/N E106548

152 Black Walther Model P22 22cal S/N WA094850 with attached Item 20 Black Advanced Armament Corp. Suppressor Model element # 2 S/N E106548

153 Item 17A – Black Griffin Armament Suppressor Revolution 9 S/N REV9-0294 with Black/Tan Springfield Armory Model XD9 pistol S/N MG436167 9mm

154 Black/Tan Springfield Armory Model XD9 pistol, caliber 9mm, S/N MG436167 9mm with item 17A Black Griffin Armament Suppressor Revolution 9 S/N REV9-0294

155 Black Springfield Armory Operator 45cal. pistol S/N LW132150

156 Black Glock Model 19 9mm pistol S/N ZFW272

157 Black Colt Cobra 38 Spec. revolver S/N A73054

158 Black Colt Python 357mag. revolver S/N 82749E

159 Black Colt Python 357mag. revolver S/N K39803

160 Black Colt Python 357mag. revolver S/N 42376E

161 Black Springfield Armory Champion Operator 45cal pistol S/N LW134249

162 Black Berretta 92FS 9mm S/N BER678157

163 Silver Colt Anaconda 44mag revolver S/N MM48433

164 Black Glock Model 17 9mm S/N YZA710

165 Springfield Armory NRA 125th Anniversary #295 of 525, model 1076, 45 cal. S/N N342895

166 Silver Smith & Wesson pistol Model 1076, caliber unknown,serial: THB9323

167 Black Silnecerco Suppressor Model Octane 45 HD S/N OCT45-5275

168 Black Remington Model 1911 R1 Pistol 45cal. Serial: RHN39374A

169 Black Glock Pistol Model 26 9mm S/N ZAN199

170 Black Smith & Wesson Pro Series 45 cal. S/N UCW6022

**EXHIBIT "B"**

# BMW Financial Services
## Motor Vehicle Retail Installment Contract - New Jersey



### 1. PARTIES

| | |
|---|---|
| BUYER(S) Ross W Roggio<br>Name Kristy L Roggio<br>Address (include County and Zip Code)<br>143 Indian Spring Dr 143 Indian Spring Dr<br>Stroudsburg PA 18360 Stroudsburg PA 18360<br>Billing Address (if different) | SELLER<br>Name Prestige BMW<br>Address<br>985 ROUTE 17 SOUTH<br>RAMSEY NJ 07446<br><br>DATE OF CONTRACT 03/24/2016 |

This Motor Vehicle Retail Installment Contract ("Contract") is entered into between the buyer(s) ("Buyer") and the seller ("Seller") named above. Unless otherwise specified, "I", "me" and "my" refer to the Buyer and "you" and "your" refer to the Seller or Seller's assignee. "Vehicle" refers to the vehicle described below. I promise to pay Seller the Total of Payments in accordance with the Payment Schedule shown below. I acknowledge that I am purchasing the Vehicle from Seller on an installment basis and accept the Vehicle in its present condition, including all its equipment, parts and accessories.

### 2. VEHICLE

| ☐ New<br>☑ Used | Year<br>2016 | Make<br>McLaren | Model<br>570S | Vehicle Identification Number<br>SBM13DAA7GW000134 | Odometer Reading<br>75 | ☑ Personal Use<br>☐ Business Use |
|---|---|---|---|---|---|---|

| ☐ Telephone | ☐ CD Player | ☐ _____ (specify) | ☐ _____ (specify) | ☐ _____ (specify) |
|---|---|---|---|---|

### 3. CREDIT DISCLOSURES
e=estimate

| ANNUAL PERCENTAGE RATE<br>The cost of my credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost me. | Amount Financed<br>The amount of credit provided to me or on my behalf. | Total of Payments<br>The amount I will have paid after I have made all payments as scheduled. | Total Sale Price<br>The total cost of my purchase on credit, including my downpayment of<br>$ 100,000.00 . |
|---|---|---|---|---|
| 10.19 % | $ 53,434.12 e | $ 154,229.00 | $ 207,663.12 e | $ 307,663.12 e |

### 4. PAYMENT SCHEDULE

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 2,884.21 | Monthly, beginning 05/08/2016 |
| 1 Balloon Payment (if applicable) | | |

**SECURITY.** I am giving a security interest in the Vehicle.
**LATE CHARGE.** If all or any portion of a payment is more than 10 days late, I will be charged $10.
**PREPAYMENT.** If I pay off this Contract early, I will not have to pay a penalty.

Please read this Contract, including the reverse side, for additional information on security interests, nonpayment, default, and the right to require repayment in full before the scheduled maturity date.

**Electronic Contracting and Signature Acknowledgment.** I agree that (i) this Contract is an electronic contract executed by me using my electronic signature, (ii) my electronic signature signifies my intent to enter into this Contract and that this Contract be legally valid and enforceable in accordance with its terms to the same extent as if I had executed this Contract using my handwritten signature and (iii) the authoritative copy of this Contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by you for the storage of Authoritative Copies of electronic records, which shall be deemed held by you in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted into a paper copy which is marked by you as the original (the "Paper Contract"), then I acknowledge and agree that (1) my signing of this Contract with my electronic signature also constitutes issuance and delivery of such Paper Contract, (2) my electronic signature associated with this Contract, when affixed to the Paper Contract, constitutes my legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, my obligations will be evidenced by the Paper Contract alone.

## 5. ITEMIZATION OF AMOUNT FINANCED

**A. CASH PRICE**

(1) Cash Price of Vehicle and Accessories    $   239,000.00
(2) Other (Describe) DocumentationFee    +   389.00
(3) Other (Describe) _____    +   0.00
(4) Other (Describe) _____    +   0.00
(5) Cash Price    239,389.00
(6) Sales Tax    +   14,340.00

   Sales Tax is Calculated as follows:
     (a) Cash Price (A(5))    239,389.0
     (b) Allowance on Trade-in    -   0.00
     (c) Adjusted Cash price    = 239,389.0
     (d) Sales Tax    14,340.00

   (7) Total Cash Price (A(5) plus A(6))    =   253,729.00

**B. DOWN PAYMENT**

(1) Net Value of Trade-In
   (Gross Allowance $_____ 0.00 Payoff $_____ 0.00 )
   (Year_____ Make_____ Model_____)   $   0.00
(2) Cash Down Payment    +   100,000.00
(3) Manufacturer's Rebate Assigned to Seller    +   0.00
(4) Other (Describe) _____    +   0.00
(5) Total Down Payment    =   100,000.00

**C. UNPAID BALANCE OF CASH PRICE** (A(7) minus B(5))   $   153,729.00

**THE SELLER MAY ASSIGN THIS CONTRACT AND RECEIVE A FEE OR OTHER CONSIDERATION FOR FACILITATING YOUR FINANCING.**

**D. AMOUNTS PAID TO OTHERS ON MY BEHALF**

(1) To Public Officials:
   (a) License, Title, and Registration Fees   $   500.00
   (b) Other Official Fees (Describe)_____   +   0.00
     _____

(2) To Insurance Companies For:
   (a) Credit Life/Disability Insurance   +   0.00 *
   (b) Other Insurance (Describe)_____   +   0.00 *

(3) Other Charges:
   (a) To _____ For _____   +   0.00 *
   (b) To _____ For _____   +   0.00 *
   (c) To _____ For _____   +   0.00 *
   (d) To _____ For _____   +   0.00 *
   (e) To _____ For _____   +   0.00 *
   (f) To _____ For _____   +   0.00 *
   (g) To _____ For _____   +   0.00 *
   (h) To _____ For _____   +   0.00 *

(4) Total Amounts Paid to Others on My Behalf   =   500.00

**E. AMOUNT FINANCED** (C plus D(4))   $   154,229.00

*Seller and/or Seller's affiliates may retain or receive a portion of these amounts.*

## 6. SERVICE CONTRACT

A service contract is not required to obtain credit and will not be provided unless I sign and agree to pay the cost. The service contract issued by the Provider will describe the terms and conditions in further detail. By signing below, I agree to purchase the service contract for the term and cost indicated.

Provider:_____ Cost: $ _____ 0.00 Term: ___ 0 ___ months or _____ 0 _____ miles, whichever occurs first.

X_____    X_____
Buyer's Signature          Buyer's Signature

## 7. CREDIT INSURANCE

Credit life or credit disability insurance is not required to obtain credit and will not be provided unless I sign and agree to pay the premium. The policies or certificates issued by the insurer will describe the terms and conditions in further detail. By signing below, I agree to pay for the following insurance for the terms and premiums indicated.

☐ I want Credit Life Insurance (One Buyer only)    Term____ 0 mos.   Premium $_____ 0.00   Insured Name:_____

☐ I want Joint Credit Life Insurance    Term____ 0 mos.   Premium $_____ 0.00   Insured Name:_____

       Insured Name:_____

☐ I want Credit Disability Insurance (One Buyer only) Term____ 0 mos.   Premium $_____ 0.00   Insured Name:_____

Name of Insurer(s):_____

X_____    X_____
Buyer's Signature          Buyer's Signature

## 8. OPTIONAL GAP CONTRACT ("GAP")

GAP is not required to obtain credit and I may purchase it from anyone I want who is reasonably acceptable to the Seller. I may purchase GAP under this contract by signing below and agreeing to pay the purchase price, shown in Section 5.D above. See my GAP contract for details on the protection it provides.

Term_____ 0 mos. Name of GAP Contract:_____

X_____    X_____
Buyer's Signature          Buyer's Signature

## 9. INSURANCE VERIFICATION

I agree to maintain the insurance coverage described in Section 14. I affirm that such insurance is in force on the date of this Contract. I authorize Seller and its assignees to speak to my insurance agent or company, and any future insurance agents or companies, about my coverage for the Vehicle.

STATE FARM

| Insurance Company | Policy No. | Coverage Verified (Center Employee's Initials) |
|---|---|---|
| | | (800)232-3000 |
| Agent Name | Address | Phone No. |

All matters regarding insurance should be sent by e-mail to insuranceinfo@bmwfs.com; or faxed to 888-725-8456.

## 10. BUYER NOTICES AND SIGNATURES

**IMPORTANT: READ THE ADDITIONAL TERMS ON REVERSE SIDE BEFORE SIGNING BELOW.**

**NOTICE TO RETAIL BUYER: DO NOT SIGN THIS CONTRACT IN BLANK. YOU ARE ENTITLED TO A COPY OF THE CONTRACT AT THE TIME YOU SIGN. KEEP IT TO PROTECT YOUR LEGAL RIGHTS.**

**I ACKNOWLEDGE RECEIPT OF A COMPLETELY FILLED-IN COPY OF THIS CONTRACT AT THE TIME OF SIGNING.**

Buyer's Signature: **X** _____    Buyer's Signature: **X** _____

## 11. SELLER SIGNATURE

The authorized signature of the Seller has the effect of: (1) accepting the terms and conditions of this Contract; (2) acknowledging verification of the existence of the insurance coverage required by this Contract with the Buyer's insurance agent; and (3) assigning this Contract to BMW Bank of North America, a wholly owned subsidiary of BMW Financial Services NA, LLC (collectively, "Assignee"), 5550 Britton Parkway, Hilliard, Ohio 43026, subject to the provisions of the Center Agreement between Seller and Assignee. Seller shall not be an agent of Assignee for any purpose.

Authorized Signature: **X** _____    Title _____

3331e (03/13) (NJ)                                                                                                    3 of 5

## 12. BALLOON PAYMENT OPTIONS

This paragraph only applies to a Balloon Payment, which is a final payment that is more than twice as large as the average of all prior scheduled payments. The Balloon Payment option is only available if the Amount Financed under this Contract exceeds $10,000. When my Balloon Payment is due, I may either: (a) pay the Balloon Payment in full in cash; or (b) if I qualify, refinance the Balloon Payment with you, at your then prevailing rates, terms and conditions.

## 13. PAYMENTS AND SECURITY INTEREST

**A. SIMPLE INTEREST CONTRACT.** I understand that this is a simple interest contract. The amount of the Finance Charge shown in Section 3 may vary depending upon when payments are received. The earlier that payments are received before each due date, the less Finance Charge I owe. The later that payments are received after each due date, the more Finance Charge I owe. Payments are first credited to accrued Finance Charge and then to the unpaid balance of the Amount Financed. After my last payment, you will advise me of any amounts owed or refund any amounts owed to me.

**B. RETURNED INSTRUMENT CHARGE.** If any check, draft or order or other similar instrument is returned to you unpaid for any reason, including, but not limited to, non-sufficient funds, I will be liable for a returned instrument charge of $20.

**C. SECURITY INTEREST.** I grant you a security interest in: (1) the Vehicle; (2) all proceeds of such property; and (3) to the extent permitted by state law, the loss proceeds of any Vehicle insurance and, if the cost is included in the monthly payment under this Contract, the proceeds, cancellation refunds or rights of any service or mechanical breakdown protection contract. This security interest secures payment and performance of my obligations under the Contract, or any extensions thereof, including any indebtedness subsequently arising because of my failure to perform such obligations.

I agree to fully cooperate with you to perfect your security interest in the Vehicle, including, but not limited to, paying applicable titling and registration fees, obtaining a smog and/or safety inspection from an authorized inspection station, obtaining applicable inspections of the vehicle identification number from the appropriate law enforcement or other government official(s), and providing you with inspection certificates and other documents necessary to perfect your security interest.

## 14. VEHICLE INSURANCE

**A. REQUIREMENTS.** For the term of this Contract I must obtain and maintain insurance coverage for loss of or physical damage to the Vehicle (comprehensive, collision, fire and theft coverage) in the amount equal to the actual cash value of the Vehicle. The maximum deductible allowed for collision and comprehensive coverages is $1000. **I have the option of obtaining this insurance through an insurer of my choice that is acceptable to you.** I must designate you as loss payee on such insurance. The policy must provide you with at least 30 days' advance notice of any amendment to or cancellation of coverage. I authorize you to execute in my name any proofs of insurance claims or losses and to endorse my name on any insurance settlement draft or check. I must furnish satisfactory evidence that the Vehicle continues to be adequately covered by physical damage insurance for the entire term of the Contract, unless a charge for such insurance is included in the Contract. If at any time during the term of the Contract I fail to maintain or evidence the required insurance, you may, as permitted by law and at your option, purchase insurance which covers both my and your interests in the Vehicle or which covers only your interest in the Vehicle. If you buy either of these coverages, you will notify me and describe the charge I must pay. The charge will be payable either: (1) in equal installments along with the remaining monthly payments and will consist of the cost of insurance plus interest at the Annual Percentage Rate shown on this Contract; or (2) within 10 days of written notice to me. Any charge will be secured by the Vehicle.

**THIS DOES NOT INCLUDE INSURANCE ON MY LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE. WITHOUT SUCH INSURANCE, I MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

**B. INSURANCE CHARGES RETURNED.** If any charge for required insurance is returned to you, it may be credited to my account or used to buy similar insurance or insurance which covers your interest in the Vehicle. Any refund on optional insurance contracts obtained by you will be credited to my

account. These credits will be applied to as many of my installments as they will cover, beginning with the final installment and continuing in reverse order of maturity.

## 15. WARRANTIES AND VEHICLE USE

**A. WARRANTIES.** Seller is not offering any express warranties unless Seller has given a written warranty to me. If Seller extends, or the Vehicle's manufacturer extends, a written warranty or service contract covering the Vehicle within 90 days from the date of this Contract, I get implied warranties of merchantability and fitness for a particular purpose covering the Vehicle. If not, Seller specifically disclaims any implied warranties of merchantability and fitness for a particular purpose covering the Vehicle, unless the Vehicle.

**B. VEHICLE USE.** I agree that I will: (1) not garage the Vehicle at an address other than the address shown on this Contract without your written consent and will notify you of changes in my address; (2) not sell the Vehicle without your written consent; (3) except for less than 30 days in Canada, not operate the Vehicle outside of the contiguous United States and Alaska and Hawaii; (4) not allow a lien to be placed upon the Vehicle; (5) not abandon the Vehicle or use it for hire or illegally; (6) maintain the Vehicle in good condition and have the Vehicle serviced and maintained in accordance with the manufacturer's recommendations and specifications, so long as I have obligations under this Contract; (7) permit you to inspect the Vehicle at any reasonable time; and (8) pay when due all taxes and assessments levied on the Vehicle. Should I fail to promptly pay any lien, encumbrance or taxes on the Vehicle, you may do so on my behalf. In such event I must immediately reimburse you for the cost thereof. If I do not immediately reimburse you, such cost, plus interest at a rate not to exceed the Annual Percentage Rate disclosed on the face of this Contract, will be added to the amount I owe under this Contract.

## 16. DEFAULT

**A. DEFAULT.** I will be in default under this Contract if: (1) I fail to make any payment in full when due or fail to pay any other charge; (2) I fail to keep any of my promises under this Contract or in any other agreement I have with Seller or Seller's assignee; (3) I die, am declared incompetent or become insolvent, a bankruptcy petition is filed by or against me or I dissolve or cease active business affairs; (4) I give Seller false or misleading information in my credit application or any other document; (5) the Vehicle is destroyed, stolen or damaged beyond repair; (6) I fail to keep required insurance in force; (7) the Vehicle is subject to or threatened by seizure, confiscation, levy, or other involuntary transfer by governmental, administrative or legal process; or (8) my driver's license expires or is suspended, revoked, canceled or is otherwise restricted.

**B. REMEDIES.** If I am in default, you may demand that I pay all amounts I owe under this Contract at once (accelerate), and may pursue any and all of your other rights and remedies available under the law. In the event my obligation is referred for collection to an attorney who is not one of your salaried employees, I agree to pay, in addition to all other sums due and owing under this Contract, reasonable attorneys' fees not to exceed 10% of the amount due and payable under this Contract plus court costs. Your remedies can be exercised singularly or in any combination. In the event of a default, you may also repossess the Vehicle, in which event I may be entitled to get it back (redeem) by making timely payment of charges (such as repossession fees and storage costs) incidental to the repossession plus the past due amount plus other amounts due under this Contract and performance of all other obligations under this Contract. If the Vehicle is sold, the proceeds will be applied first to reasonable expenses of repossessing, reconditioning, storing and selling the Vehicle, including attorneys' fees not to exceed 10% of the amount due and payable under this Contract and court costs, and then to all amounts due under this Contract. If there is any money left over, it will be paid to me, subject to the rights of any other secured parties. If the proceeds of the sale of the Vehicle are insufficient to pay all amounts due to you, plus the costs and expenses of repossession and sale, I will be liable for any deficiency to the extent permitted by applicable law. Any personal property of mine in or attached to the Vehicle which is not subject to your security interest shall be held by you without liability if the Vehicle is repossessed. I shall be deemed to have waived any claim thereto unless written demand by certified mail is made upon you within 10 days after repossession.

## 17. POWER OF ATTORNEY

If the total sales price of the Vehicle exceeds $10,000, I appoint you, to the extent permitted by law, through your officer or employee, as my attorney-in-fact. My grant of this power of attorney is coupled with an interest, and is irrevocable until all obligations I owe under this Contract are paid in full. As my attorney-in-fact, you can sign on my behalf all Certificates of Ownership, Registration

Cards, applications, affidavits or any other documents required to register and properly perfect your security interest in the Vehicle; transfer my entire interest in the Vehicle as part of a repossession and sale; act on my behalf in insurance matters relating to the Vehicle, including, but not limited to, the power to endorse insurance proceeds checks or drafts on my behalf; and cancel any Credit Life, Credit Disability, Guaranteed Automotive Protection Coverage, Extended Warranty, or other optional insurance financed under this Contract, and apply the refunded premium or cost to my outstanding balance if I am in default. Should an original power of attorney be necessary to accomplish any of the preceding, I agree to execute a separate identical power of attorney document and provide you with same.

## 18. ADDITIONAL TERMS

I understand that: (A) I have no right to assign any of my rights under this Contract, although you may assign your interests under this Contract without my consent; (B) you may waive or delay the enforcement of your rights under this Contract without affecting your rights on future defaults; (C) any portion of this Contract which may be held unenforceable shall not affect the enforceability of other portions of this Contract; (D) if more than one buyer has signed this Contract, each one will be jointly and severally liable for all obligations under this Contract; (E) all correspondence and notices will be sent to me at my Billing Address shown on this Contract unless I give you a different address in writing; and (F) this Contract will be governed by the laws of the state of the Seller's place of business shown on the front side of this Contract. **This Contract describes all of the agreements with respect to the retail installment sale of the Vehicle between Seller and me and all prior agreements, whether oral or in writing, are superseded. This Contract cannot be changed or terminated by any oral agreement.**

## 19. FTC NOTICES

If the vehicle is a used vehicle, the following notice applies: **THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

The following notice does not apply if the Vehicle is purchased for business use:

> **NOTICE – ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

## 20. ARBITRATION CLAUSE

PLEASE REVIEW - IMPORTANT - AFFECTS MY LEGAL RIGHTS

**NOTICE:** Either you or I may choose to have any dispute between us decided by arbitration and not in a court or by jury trial. If a dispute is arbitrated, I will give up my right to participate as a class representative or class member on any class claim I may have against you including any right to class arbitration or any consolidation of individual arbitrations. Discovery and rights to appeal in arbitration are generally more limited than in a lawsuit, and other rights you and I would have in court may not be available in arbitration.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute), between me and you or your employees, agents, successors or assigns, which arise out of or relate to my credit application, purchase or condition of this Vehicle, this Contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Contract) shall, at your or my election, be resolved by neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action or other mass action. I expressly waive any right I may have to arbitrate a class action. I may choose the following arbitration organization and its applicable rules: the National Arbitration Forum, Box 50191, Minneapolis, MN 55405-0191 (www.arbitration-forum.com), or any organization that I may choose subject to your approval. I may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which I reside unless the Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this Contract was executed. The arbitrator shall be empowered as permitted under the Rules of the National Arbitration Forum to award equitable relief as well as legal relief, to provide all temporary and/or provisional remedies and to enter equitable orders that will be binding upon the parties. Any award or dispositive order of the arbitrator may be entered as a judgment in any court having jurisdiction. We agree that either you or I may, without objection, request an expedited hearing under the applicable rules.

You will advance my filing, administration, service or case management fee and my arbitrator or hearing fee all up to a maximum of $1500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this clause, then the provisions of this clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration; however, the governing law as to the substantive issues of the Contract and Vehicle shall be the law of the state of Seller's place of business.

You and I may retain any rights to self-help remedies, such as repossession. Neither you nor I waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This clause shall survive any termination, payoff or transfer of this Contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable.

Notwithstanding any other provision for notice contained in the Contract, any arbitration claim or other notice provided under the rules of the arbitration administrator will be given to you at the following address: If my claim is against the Seller, I agree that notice of my claim will be given to the Seller at the address specified in Section 1 of this Contract. If my claim is against the Assignee (designated in Section 11 of this Contract), I agree that notice of my claim will be given at 5550 Britton Parkway, Hilliard, OH 43026. If my claim is against both Seller and Assignee, I agree that both Seller and Assignee will be notified of my claim at the addresses indicated herein.

EXHIBIT "C"

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | (Judge                    ) |
| REAL PROPERTY LOCATED AT 143 | ) | |
| INDIAN SPRING DRIVE, | ) | |
| STROUDSBURG, PENNSYLVANIA; | ) | |
| WELLS FARGO ACCOUNT NOS. | ) | |
| 2089401166 AND 2089401158; | ) | |
| 2015 BMW MODEL I8, VIN | ) | |
| WBY2Z2C59FV392441; 2016 | ) | |
| MCLAREN AUTOMOTIVE 570S | ) | |
| COUP, VIN SBM13DAA7GW000134; | ) | |
| 2015 MERCEDES GL350 BLUETEC, | ) | |
| VIN 4JGDF2EE3FA606052; | ) | |
| MISCELLANEOUS FIREARMS, | ) | |
| SCOPES, SIGHTS, BIPODS, | ) | |
| MAGNIFIERS AND OTHER | ) | |
| FIREARMS ACCESSORIES AND | ) | |
| FOUR ROLEX WATCHES SEIZED | ) | |
| FROM ROSS ROGGIO, | ) | |
| Defendants | ) | (Electronically filed) |

## NOTICE OF COMPLAINT FOR FORFEITURE
## AGAINST REAL AND PERSONAL PROPERTY

A civil complaint seeking forfeiture pursuant to 18 U.S.C.

§ 981(a)(1) was filed on June 15, 2017 in the United States District

Court for the Middle District of Pennsylvania against the following

defendant property:

a.   Real property located at 143 Indian Spring Drive,
Stroudsburg, Monroe County, Pennsylvania, Tax Map
or Parcel ID Number 07/86262, current owner of record
Ross William Roggio, former owner of record and
estranged wife of Ross William Roggio, Kristy Merring-
Roggio, with all appurtenances, improvements, and
attachments thereon, legally described as:

ALL THAT CERTAIN lot, tract, piece or parcel of
land situate in the Township of Hamilton, County
of Monroe, and Commonwealth of Pennsylvania,
being described as follows, to wit:

BEING Lot No. 13, Section Three, Indian Spring
Farm, as shown on a plan of Indian Spring Farm
(Section Three) prepared by J. Lavern Marshall
drawn June 27, 1988, and recorded in the Office
for the Recording of Deeds, in and for the County
of Monroe, at Stroudsburg, Pennsylvania, in Plot
Book 61, Page 116.

b.   Wells Fargo account #2089401166 titled ROGGIO
CONSULTING COMPANY LLC with Ross W. Roggio
as an authorized signer on the account;

c.   Wells Fargo account #2089401158 titled ROGGIO
CONSULTING COMPANY LLC with Ross W. Roggio
as an authorized signer on the account;

d.   2015 BMW Model I8, VIN WBY2Z2C59FV392441
registered to Ross Roggio and Kristy Roggio;

e.   2016 McLaren Automotive 570S Coup, VIN
SBM13DAA7GW000134 registered to Ross Roggio and
Kristy Roggio;

2

f.    2015 Mercedes GL350 BLUETEC, VIN 4JGDF2EE3FA606052 registered to Ross William Roggio;

g.    Four Rolex watches seized from Ross William Roggio more fully described as:

        i.    Rolex Oyster Perpetual Cosmograph "Daytona" 18K Rose Gold with a chocolate dial with a possible serial no. 4H2E2303;

        ii.    Rolex Geneve Cellini 18K Rose Gold with a black leather band and a black dial with a possible serial no. 50525 512F28Q1;

        iii.    Rolex Oyster Perpetual Day Date President with 18K Rose Gold and a possible serial no. H42V39543; and

        iv.    Rolex "Daytona" 18K Yellow Gold, Mother of Pearl and diamond dial with a possible serial no. 8Q0291C3.

h.    Miscellaneous firearms, scopes, sights, bipods, magnifiers and other firearms accessories seized from Ross William Roggio more fully described in Exhibit A of this document.

The complaint alleges that said property may, for the causes stated in the complaint, be condemned as forfeited to the United States.

Pursuant to Rule G(4)(b) and 18 U.S.C. § 985(c)(1) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, direct notice of this action was sent on _____

All persons asserting an interest in the defendant property and
who have received direct notice of the forfeiture action must file a
verified claim with the Clerk of this Court pursuant to Rule G(5) of the
Supplemental Rules for Admiralty or Maritime and Asset Forfeiture
Claims, thirty-five (35) days after the notice is sent; or if notice was
published but direct notice was not sent to the claimant or the
claimant's attorney, a claim must be filed no later than thirty (30) days
after final publication of newspaper notice or legal notice or no later
than sixty (60) days after the first day of publication on an official
internet government forfeiture site; or within the time that the court
allows, provided any request for an extension of time from the court is
made prior to the expiration of time which the person must file such
verified claim.  In addition, any person having filed such a claim shall
also serve and file an answer to the complaint or a motion under Rule
12 of the Federal Rules of Civil Procedure within twenty (20) days after
filing the claim and any person having timely filed such claim and
answer must appear before this court.

Supplemental Rule G(5) provides in pertinent part: "The claim
must : (A) identify the specific property claimed; (B) identify the

4

claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D)."

Any claim filed with the seizing agency in an administrative proceeding and any petition filed in a related criminal action are **NOT** a substitute for the claim that must be filed in this action which meets the requirements of and within the time allowed under Rules G(4) and G(5), as described above.

Claims and answers are to be filed with the Clerk, United States District Court for the Middle District of Pennsylvania, 228 Walnut Street, Harrisburg, Pennsylvania 17108 with a copy thereof sent to Bruce D. Brandler, United States Attorney for the Middle District of Pennsylvania, and Jenny P. Roberts, Assistant U.S. Attorney, 235 North Washington Avenue, Scranton, Pennsylvania 18503, (570) 348-2800, Attorneys for Plaintiff. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Additional procedures and regulations regarding this forfeiture action are found at 19 U.S.C. § 1602-1619, 28 C.F.R. § 9, and 18 U.S.C. § 985.

In accordance with 18 U.S.C. § 985, this Notice shall be posted on the defendant property and served on the property owner, along with a copy of the Complaint for Forfeiture.

U.S. Marshals Service
Harrisburg, PA 17108

Exhibit A

Ross Roggio
Gun list

1  Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0084
2  Lyman, Model 1878, 45/70 caliber, serial number #18780392
3  Item 44A - Scope Leopold S/N 325343AA with FDE Springfield Armory Model M1A 30 cal S/N 336481
4  Black Silencer Co Supp. Model Specwar 556 S/N SPW-11021
5  Item 29A- Scope – From Safe in Basement with Black Rifle w/wooden stock Norinco Rifle Model NDM-86 Cal 7.62X54 S/N 701300
6  Item 26A-Scope Truglo No S/N with Black Ruger with wooden stock Model 10/22 Cal .22 S/N 0005-51177
7  Item 23A Eotech sight with Black CMMG 9mm short barrel rifle Model MK9 S/N SMT03019.
8  Item 22A Scope Leupold Mark 4scope S/N 161820AB with Black Sig Sauer Model MPX Pistol 9mm S/N 62B02121
9  Long Gun: KMP Classic Arms, M1919A4, .30 caliber, Serial# 757163 also 1711
10 Silencer: Salvo 12, 12 gauge, Serial# SAL12-519B Silencer co.
11 Pistol: Colt, Commemorative Special Ops, .45 caliber, Serial# 2778280
12 Pistol: Desert Eagle, 50AE, .50 caliber, Serial# DK-0016164
13 Item 76A: Scope VISM with Long Gun: Ruger, 10/22, .22 LR caliber, Serial#824-01532
14 Long Gun: Ruger, 10/22, .22 LR caliber, Serial#824-01532 with Item 76A: scope VISM
15 Pistol: Heritage, Rough Rider, .22 caliber, Serial# C55366
16 Pistol: Benellil, MP95E, .22 LR caliber, Serial# 09070B
17 Long Gun: CA1, M1 Rifle, 30.06 caliber, Serial#M111778
18 Item 72A scope with Long Gun: Moisen Magont, M91/30, 7.62x54 caliber, Serial#M913050361 Item 72A scope
19 Long Gun: Moisen Magont, M91/30T, 7.62x54 caliber, Serial#M913050514 with Item 72A scope
20 Long Gun: Tikka, T-3, 308 Winchester caliber, Serial#0S9939
21 Item 70A: Scope Nikon P-223 with Long Gun: Marlin Firearms Co, XT-22, .22 Mag caliber, Serial# MM31665B
22 Long Gun: Marlin Firearms Co, XT-22, .22 Mag caliber, Serial# MM31665B with Item 70A: Scope Nikon P-223
23 Long Gun: Savage Arms, 340D, .222 Rem caliber, Serial# 197304
24 Long Gun: Remington, 870, 12 gauge caliber, Serial# RS77066G
25 Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0078
26 Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0079
27 Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0090
28 Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0044
29 Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0082
30 Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0086
31 Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0087
32 Long Gun: Tactical Innovations Inc, T15BDX, 5.56 caliber, Serial# 86700567
33 Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0085
34 Long Gun: Armory, AR-15, 5.56 caliber, Serial# A0083
35 Long Gun: Century Arms, Centurian 93 Sporter US, 5.56 caliber, Serial# C9315088

36  Item 55A: Sight Mark red dot with Long Gun: Tactical Innovations, T15BDX, multi caliber, Serial# 86700666
37  Long Gun: Tactical Innovations, T15BDX, multi caliber, Serial# 86700666 with Item 55A: Sight Mark red dot
38  Long Gun: Kris, Vector, .45 ACP caliber, Serial# 45C016113
39  Long Gun: Century Arms, Centurian 39 Sporter, 7.62X39 caliber, Serial# C39WM-000661
40  Long Gun: Romarm, WASR, 7.62 caliber, Serial# A132605-15R0 with Item 52A, Optics,Trijicon RX34
41  Long Gun: Morinco, model:unknown, 5.56X45 caliber, Serial# 8451316952
42  Long Gun: Izhmash, Saiga 410, 7.62X39 caliber, Serial# H04200381
43  Long Gun: Century Arms, 70ABM, 7.62X39 caliber, Serial# WM02-000907
44  Long Gun: Century Arms, M70-AB2 Sporter, 7.62 caliber, Serial# AB2C103045
45  Long Gun: Fostech, model: unknown, 12 gauge caliber, Serial# 0000465
46  Item 46B: Bipod with Long Gun: Smith & Wesson, M&P15-22, .22 LR caliber, Serial# HBW5593
47  Item 46A: Scope Firefield with Long Gun: Smith & Wesson, M&P15-22, .22 LR caliber, Serial# HBW5593
48  Long Gun: Smith & Wesson, M&P15-22, .22 LR caliber, Serial# HBW5593 with Item 46A: Scope Firefield
49  Long Gun: Heckler & Koch, SL8-1, .223 caliber, Serial# 48007304 with Item 45A: Optic, Trijicon RX34
50  Item 45A: Optic, Trijicon RX34 with Long Gun: Heckler & Koch, SL8-1, .223 caliber, Serial# 48007304
51  Long Gun: Heckler & Koch, SL8-1, .223 caliber, Serial# 48007304 with Item 45A: Optic, Trijicon RX34
52  Long Gun: Kel Tech, RFB, 7.62 caliber, Serial# T2555
53  Item 43A: Aimpoint Micro H-1with Long Gun: Sturm Ruger, Ranch Rifle, 5.56 caliber, Serial# 583-11246
54  Long Gun: Sturm Ruger, Ranch Rifle, 5.56 caliber, Serial# 583-11246 with Item 43A: Aimpoint Micro H-1
55  Item 42B: Bipod, with Long Gun: Heckler & Koch, SL8-1, .223 caliber, Serial# 48009484
56  Item 42A: Scope, Leupold 1x9 with Long Gun: Heckler & Koch, SL8-1, .223 caliber, Serial# 48009484
57  Long Gun: Heckler & Koch, SL8-1, .223 caliber, Serial# 48009484 with Item 42A: Scope, Leupold 1x9
58  Long Gun: BFI, BACR, Mark 47, multi caliber, Serial# ACRD00647
59  Item 40B: Optic, EOTECH Magnifier with Long Gun: Ruger, SR-556, 5.56 caliber, Serial# 594-00633
60  Item 40A: Optic, EOTECH red dot with Long Gun: CMMG Inc., Mark 47, 7.62 x 39 caliber, Serial# KWT02562
61  Long Gun: CMMG Inc., Mark 47, 7.62 x 39 caliber, Serial# KWT02562 with Item 40A: Optic, EOTECH red dot
62  Long Gun: PTR Industries, model: unknown, 3.08 caliber, Serial# AW14102
63  Item 38B: Optic EOTECH Magnifier with Long Gun: Ruger, SR-556, 5.56 caliber, Serial# 594-00633
64  Item 38A: Optic EOTECH Holographic with Long Gun: Ruger, SR-556, 5.56 caliber, Serial# 594-00633
65  Long Gun: Ruger, SR-556, 5.56 caliber, Serial# 594-00633 with Item 38A: Optic EOTECH Holgraphic
66  Item 37A: Optics Trijicon Reflex RX34 with Long Gun: FN Hertsal, SCAR, 5.56 caliber, Serial# LC32494
67  Long Gun: FN Hertsal, SCAR, 5.56 caliber, Serial# LC32494 with Item 37A: Optics Trijicon Reflex RX34
68  Item 36A: Optics EOTECH with Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0033
69  Long Gun: Armory, Armory-15, 5.56 caliber, Serial# A0033 with Item 36A: Optics EOTECH
70  Item 35A: Optics Trijicon Reflex RX34 with Long Gun: Tavor, SAR, 5.56 caliber, Serial# T0015911
71  Long Gun: Tavor, SAR, 5.56 caliber, Serial# T0015911 with Item 35A: Optics Trijicon Reflex RX34
72  Item 34B: Bipod with Long Gun: Remington, Model 700AAC-SD, .300 AAC Blackout caliber, Serial# RR76324C
73  Item 34A: Scope Zeiss Terra 3X with Long Gun: Remington, Model 700AAC-SD, .300 AAC Blackout caliber, Serial# RR76324C

74 Long Gun: Remington, Model 700AAC-SD, .300 AAC Blackout caliber, Serial# RR76324C with Item 34A: Scope Zeiss Terra 3X
75 Long Gun: Tavor, X95, 5.56 caliber, Serial# T005S070
76 Item 32A: Scope MSAR PN219 with Long Gun: MSAR, STG556, .223 caliber, Serial# 600-P002734
77 Item 31A: Optics, EOTECH with Long Gun: MSAR, XM17E4, .223 caliber, Serial# 600-P012022
78 Long Gun: MSAR, STG556, .223 caliber, Serial# 600-P002734 with Item 32A: Scope MSAR PN219
79 Long Gun: MSAR, XM17E4, .223 caliber, Serial# 600-P012022 with Item 31A: Optics, EOTECH
80 Item 30B: Optics - aimpolnt with Pistol: Glock, 17, 9mm caliber, Serial# YBV536
81 Item 30A: RONI Pistol carbine conversion with Pistol: Glock, 17, 9mm caliber, Serial# YBV536
82 Pistol: Glock, 17, 9mm caliber, Serial# YBV536, Inside Item 30A: RONI Pistol carbine conversion
83 Item 29B: Bipod with Long Gun: Sig Sauer, 7.62mm NATO caliber, Serial# 22C013386
84 Item 29A: Apex Scope with Long Gun: Sig Sauer, 7.62mm NATO caliber, Serial# 22C013386
85 Long Gun: Sig Sauer, model: MR556, 7.62mm NATO caliber, Serial# 22C013386 with Item 29A: Apex Scope
86 Item 28A: Scope ACOG attached to Long Gun: Heckler & Koch, MR556, 5.56mm caliber, Serial# 241202064
87 Long Gun: Heckler & Koch, MR556, 5.56mm caliber, Serial# 241202064 with Item 28A: Scope ACOG
88 Pistol: Ruger, New Vaquero, 45 Colt caliber, Serial#SAS554920
89 Item 26A Scope Leupold VX-R, Serial # 186502AB with Long Gun: Springfield Armory, M1A, 7.62 Caliber, Serial# 347037
90 Long Gun: Springfield Armory, M1A, 7.62 Caliber, Serial# 347037 with Item 26A Scope Leupold VX-R, Serial # 186502AB
91 Item 25B Bipod withLong Gun: Barrett, 82A1, .50 Caliber, Serial#AA003811
92 Item 25A Scope Leupold Mark 4 with Long Gun: Barrett, 82A1, .50 Caliber, Serial#AA003811
93 Long Gun: Barrett, 82A1, .50 Caliber, Serial#AA003811 with Item 25A Scope Leupold Mark 4
94 Item 24B -Bipod - with Long Gun: Weatherby, Mark 4, Caliber unknown, Serial#BW006739
95 Item 24A Swarovski Z34-12x50 with Long Gun: Weatherby, Mark 4, Caliber unknown, Serial#BW006739
96 Long Gun: Weatherby, Mark 4, Caliber unknown, Serial#BW006739 with Item 24A Scope Swarovski Z34-12x50
97 Item 23A SScope Leupold VX-1 Serial# 161831AC with Long Gun: RND, Edge .223 Caliber Serial#2931124
98 Bipod - Item 23B with Long Gun: RND, Edge .223 Caliber Serial#2931124
99 Long Gun: RND, Edge .223 Caliber Serial#2931124 with Scope Leupold VX-1 Serial# 161831AC Item 23B
100 Bipod - Item 21B with Long Gun: Armory, TAC 338, .338 Lapua Mag Caliber Serial#TB30928
101 Bipod - Item 20B with Long Gun: Armory, TAC 338, .338 Lapua Mag Caliber Serial#TB30729 Bipod - Item 20B
102 Pistol: Heckler & Koch, SP5K, 9mm caliber, Serial# 215002826
103 Pistol/Revolver: Ruger, New Vaquero .45 Colt caliber, Serial# SAS554919
104 Pistol/Revolver: Pietta, Cimmaron .45 Caliber, Serial#E38704
105 Leupold Mark 4Scope Item 21A attached to Long Gun: Armory, TAC 338, .338 Lapua Mag Caliber Serial#TB30928
106 Long Gun: Armory, TAC 338, .338 Lapua Mag Caliber Serial#TB30928 with Leupold Mark 4Scope Item 21A
107 Leupold Mark 4 Scope Item 20A attached to Long Gun: Armory, TAC 338, .338 Lapua Mag Caliber Serial#TB30729
108 Long Gun: Armory, TAC 338, .338 Lapua Mag Caliber Serial#TB30729 with Leupold Mark 4Scope Item 20A
109 Pistol/Revolver: A. Uberti, 1873, model unknown, .45 Caliber, Serial# P37550
110 Pistol/Revolver: Old Saybrook, Traditions 45 Colt caliber, Serial#E58949
111 Pistol/Revolver: Filipietta, model unknown, .44 Caliber, Serial#653026

112 Pistol/Revolver: Ruger, New Vaquero .45 colt caliber, Serial# 512-64623

113 Pistol/Revolver: A. Uberti, 1873 .45 colt caliber, Serial # TC6294

114 Pistol/Revolver: A. Uberti, Cimarron .45 colt caliber, Serial#P37551

115 6A Scope Hi-Lux Optics Serial# 003175 attached to Long Gun: RRMW, Replica 1903, 30.06 Serial # 3998129, 6A Scope Hi-Lux Optics Serial# 003175

116 Item 3A Sight Mark Optics attached to Long Gun; Masterpiece Arms, Defender, 9mm caliber, Serial# B985076

117 Pistol/Revolver: Old Saybrook CZ, Traditions 45Colt caliber, Serial#E57108

118 Long Gun: Taurus, R92 .45 Colt caliber Serial#AM217918

Long Gun: CZ-USA, Hugiu Hammer Classic Shotgun, 12Gauge Serial#1SO3244. Per telephone call with ATF, National Tracing Center, trace request was modified to reflect an "O"

119 instead of a zero in the serial number.

120 Long Gun: Taurus, R92 .45 Colt caliber Serial#51T20531

121 Long Gun: RRMW, Replica 1903, 30.06 Serial # 3998129, 6A Scope Hi-Lux Optics Serial# 003175

122 Long Gun; DSA SA58 .308 Caliber Serial # DS41249

123 Long Gun; FNH Scar 17S, 7.62X51mm Serial # HC43137

124 Long Gun; Masterpiece Arms, Defender, 9mm caliber, Serial# B985076 with Item 3A Optics

125 Long Gun; CZ-USA Scorpion EV0351 9X19mm Serial # EV0351

126 Long gun: Sig Sauer, MPX 9mm Serial# 62B023427

FDE Springfield Armory Model M1A 30 cal S/N 336481 with Item 44A - Scope Leopold S/N 325343AA. ATF Trace Request for the weapon was corrected with the serial number

127 336481during telcal with Alex from the National Tracing Center.

128 Black Advanced Armorment Corp Suppressor Model Cyclops 50 S/N S00330 In case.

129 FDE Surefire Suppressor SOCOM556 S/N A51N01332.

130 FDE Surefire Suppressor SOCOM556 S/N A51N01331.

131 Black SWR Suppressor Mod Specwar S/N SW-762-2289.

132 Black Silencer Co Supp. Model Specwar 556 S/N SPW-11020.

133 Black Griffin Armarment Suppressor Model RECCE5 S/N RECS-0027 .

134 Black Silencerco Suppressor Specwar S/N SW-762-4578.

135 Black Griffin Armarment Suppressor Model Recces S/N RECS-0026.

136 Black Griffin Armarment Suppressor Model Sparatn3 S/N SP3-0080.

137 Black YHM Suppressor Mod. Phantom M2 S/N Y19391.

138 Black YHM Suppressor Mod. Phantom M2 S/N Y17980.

139 Black TBAC Suppressor Model 3388A S/N 51491.

140 Black TBAC Suppressor Model 3388A S/N 51490.

141 Black Rifle w/wooden stock Norinco Rifle Model NDM-86 Cal 7.62X54 S/N 701300 with Item 29A- Scope - From Safe in Basement.

142 Black Armory AR-15 rifle Model Armory-15 .223 cal S/N A0091 From Safe In Basement.

143 OD green Pof USA AR-10 Rifle Model P-308 S/N 12BA-13062 .38cal

144 Black Ruger with wooden stock Model 10/22 Cal .22 S/N 0005-51177 with Item 26A- Scope Truglo No S/N.

145 Black Armory AR15 Rifle Model Armory-15 cal .223 S/N A0092.

146 Black Zenith firearms short barrel rifle Model MKEZSR5 9mm S/N T0624-15BH01066 9mm.

147 Black CMMG 9mm short barrel rifle Model MK9 S/N SMT03019 with Item 23A Eotech sight attached.

Case 3:17-cv-01049-RDM   Document 1-1   Filed 06/15/17   Page 12 of 12

148 Item 22B – Black Suppressor attached to item #22, S/N REV9-0232. Griffin Armament Suppressor Revolution 9mm (Silencer could not be removed)
Black Sig Sauer Model MPX Pistol 9mm S/N 62B02121 with Item 22A Scope Leupold Mark 4scope S/N 161820AB and Item 22B Black suppressor attached to item #22, S/N REV9-
149 0232.
150 Black Zenith Firearms short barrel rifle Model MKE25P 9mm S/N T0624-15BK00800
151 Attached to Item#19 Black Advanced Armament Corp. Suppressor Model element # 2 S/N E106548
152 Black Walther Model P22 22cal S/N WA094850 with attached Item 20 Black Advanced Armament Corp. Suppressor Model element # 2 S/N E106548
153 Item 17A – Black Griffin Armament Suppressor Revolution 9 S/N REV9-0294 with Black/Tan Springfield Armory Model XD9 pistol S/N MG436167 9mm
154 Black/Tan Springfield Armory Model XD9 pistol, caliber 9mm, S/N MG436167 9mm with Item 17A Black Griffin Armament Suppressor Revolution 9 S/N REV9-0294
155 Black Springfield Armory Operator 45cal. pistol S/N LW132150
156 Black Glock Model 19 9mm pistol S/N ZFW272
157 Black Colt Cobra 38 Spec. revolver S/N A73054
158 Black Colt Python 357mag. revolver S/N 82749E
159 Black Colt Python 357mag. revolver S/N K39803
160 Black Colt Python 357mag. revolver S/N 42376E
161 Black Springfield Armory Champion Operator 45cal pistol S/N LW134249
162 Black Berretta 92FS 9mm S/N BER678157
163 Silver Colt Anaconda 44mag revolver S/N MM48433
164 Black Glock Model 17 9mm S/N YZA710
165 Springfield Armory NRA 125th Anniversary #295 of 525, model 1076, 45 cal. S/N N342895
166 Silver Smith & Wesson pistol Model 1076, caliber unknown,serial: THB9323
167 Black Silnecerco Suppressor Model Octane 45 HD S/N OCT45-5275
168 Black Remington Model 1911 R1 Pistol 45cal. Serial: RHN39374A
169 Black Glock Pistol Model 26 9mm S/N ZAN199
170 Black Smith & Wesson Pro Series 45 cal. S/N UCW6022

## DECLARATION

I am a Special Agent with the Homeland Security Investigations, and the agent assigned the responsibility for this case.

I have read the foregoing complaint for forfeiture, and the statements contained therein are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of June, 2017.

JEFFREY R. BURKE, Special Agent
Homeland Security Investigations

## DECLARATION

I am a Special Agent with the United States Department of Commerce, and the agent assigned the responsibility for this case.

I have read the foregoing complaint for forfeiture, and the statements contained therein are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____8_____ day of June, 2017.

_____

SCOTT DUNBERG, Special Agent
United States Department of Commerce

## DECLARATION

I am a Special Agent with the Federal Bureau of Investigation, and the agent assigned the responsibility for this case.

I have read the foregoing complaint for forfeiture, and the statements contained therein are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____12_____ day of June, 2017.

THOMAS J. O'DONNELL, Special Agent
Federal Bureau of Investigation

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | (Judge         ) |
| REAL PROPERTY LOCATED AT 143 | ) | |
| INDIAN SPRING DRIVE, | ) | |
| STROUDSBURG, PENNSYLVANIA; | ) | |
| WELLS FARGO ACCOUNT NOS. | ) | |
| 2089401166 AND 2089401158; | ) | |
| 2015 BMW MODEL I8, VIN | ) | |
| WBY2Z2C59FV392441; 2016 | ) | |
| MCLAREN AUTOMOTIVE 570S | ) | |
| COUP, VIN SBM13DAA7GW000134; | ) | |
| 2015 MERCEDES GL350 BLUETEC, | ) | |
| VIN 4JGDF2EE3FA606052; | ) | |
| MISCELLANEOUS FIREARMS, | ) | |
| SCOPES, SIGHTS, BIPODS, | ) | |
| MAGNIFIERS AND OTHER | ) | |
| FIREARMS ACCESSORIES AND | ) | |
| FOUR ROLEX WATCHES SEIZED | ) | |
| FROM ROSS ROGGIO, | ) | |
| Defendants | ) | (Electronically filed) |

OWNER OF RECORD:     ROSS WILLIAM ROGGIO
TAX PARCEL NO.:          07/86262

LIS PENDENS

NOTICE is hereby given that the United States of America filed a

Civil Complaint in the United States District Court for the Middle

District of Pennsylvania, in the foregoing action.  The United States of

America is seeking to forfeit the real property located at real property

located at 143 Indian Spring Drive, Stroudsburg, Monroe County,

including all appurtenances thereto, the legal description for which is as

follows:

> ALL THAT CERTAIN lot, tract, piece or parcel of land
> situate in the Township of Hamilton, County of Monroe, and
> Commonwealth of Pennsylvania, being described as follows,
> to wit:
>
> BEING Lot No. 13, Section Three, Indian Spring Farm, as
> shown on a plan of Indian Spring Farm (Section Three)
> prepared by J. Lavern Marshall drawn June 27, 1988, and
> recorded in the Office for the Recording of Deeds, in and for
> the County of Monroe, at Stroudsburg, Pennsylvania, in Plot
> Book 61, Page 116.

Title 21, United States Code, Section 853(k) states no party

claiming an interest in property subject to forfeiture may commence an

action at law or equity against the United States concerning the

validity of their interest after the filing of a Civil Complaint.

2

Further information concerning this action reference may be obtained from the records of the Clerk of Court for the United States District Court for the Middle District of Pennsylvania, Federal Building, 235 North Washington Avenue, Scranton, PA 18503.

Respectfully submitted,

BRUCE D. BRANDLER
UNITED STATES ATTORNEY

By:    */s/ Jenny P. Roberts*
JENNY P. ROBERTS
ASSISTANT U.S. ATTORNEY
235 N. WASHINGTON AVE., STE. 311
SCRANTON, PA  18503
PHONE: 570-348-2800
FAX:  570-348-2037
jenny.p.roberts@usdoj.gov
PA89330

3